GRISBAUM, Judge,
dissenting in part.
I dissent from the conclusion reached as to the Department of Health and Human Resources (D.H.H.R.).
The majority holds that Act 676 of 1988 insofar as it amends La.C.C. art. 3469 is to be given “retroactive application” such that there was a “suspension of prescription as between a minor and its caretaker during minority.” While I concede the majority’s point that, in the wake of La.C.C. art. 6, Louisiana’s prescriptive provisions are generally to be accorded retroactive application, I must disagree with its contention that any legal effect can be created by saying a newly enacted suspension, once its concomitant prescriptive period has run, may apply retroactively. That is, when, as here, a prescriptive period has run before suit was filed, commonsensibly it is of no legal consequence that a subsequently created suspension be given retroactive application.
The Louisiana Civil Code clearly states, “Prescription runs against all persons unless exception is established by legislation.” La.C.C. art. 3467. And since there is no legislative authority for the present resuscitated period, the majority goes impermis-sibly beyond mere retroactive application of the newly enacted provision. The recitation of such a label serves little constructive purpose. As observed by the United States Fourth Circuit,
We all properly feel disinclined to apply legislation retroactively in the absence of explicit statutory language. The availability — the conceded applicability — of the label as the case was argued to the court minimized the attention paid by the district judge as to (1) what actually was and what was not retroactive, and (2) what kinds of looking back do, and what kinds do not, appeal to mankind’s collective sense that it would be unfair to apply an enactment to events viewed as antedating its passage, (footnote omitted.)
Hupman v. Cook, 640 F.2d 497, 501 (4th Cir. 1981). Accordingly, I dissent from the majority’s conclusion as to D.H.H.R.